GRIFFIN v. ALLEN et al.

(Circuit Court of Appeals, Eighth Circuit. July 14, 1913.)

No. 3791.

1. APPEAL AND ERROR (§ 673*)—RECORD—MATTERS TO BE INCLUDED.

Where, on plaintiff's appeal from a judgment dismissing his bill, it appeared that his only rights against defendant were under a contract, the provisions of which did not appear in the record, the judgment must be affirmed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2873; Dec. Dig. § 673.*]

2. APPEAL AND ERROR (§ 909*)—PRESUMPTIONS IN SUPPORT OF JUDGMENT.

Where, on an appeal by plaintiff, it appeared that, subsequent to the contract relied on by him, he failed to comply therewith and suit was brought against him, which was compromised by the giving of a new contract, it might be inferred, in the absence of any evidence as to the terms of the new contract, that it superseded the first contract.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3675; Dec. Dig. § 909.*]

Appeal from the District Court of the United States for the Western District of Missouri; Smith McPherson, Judge.

Suit by George M. Griffin against Thomas M. Allen and others. From a decree dismissing the bill, plaintiff appeals. Affirmed.

Roland Hughes, of Kansas City, Mo. (Halbert H. McCluer, of Kansas City, Mo., on the brief), for appellant.

E. P. Mann, of Springfield, Mo., and O. L. Cravens, of Neosho, Mo., submitted a brief for appellees.

Before SANBORN and CARLAND, Circuit Judges, and WIL-LARD, District Judge.

WILLARD, District Judge. Griffin, the appellant, brought this suit for the purpose, among other things, of having the defendant Allen enjoined from foreclosing certain mortgages on land in which Griffin was interested on the ground that when Allen bought the mortgages he acted as the agent of Griffin and should not be allowed to foreclose them against him. After final hearing the court below dismissed the bill.

The amended bill alleged, among other things, that Griffin and the defendant S. M. Mitchell were the owners in equal shares of all the capital stock of the Cedar Valley Stock Farm Company; that the company in 1908 was the owner of 185 acres of land, subject to two mortgages, one for $3,000 and one for $300 made by Joslin, a former owner; that in June, 1909 (it appears that the true date was May 10, 1909), Griffin made a written contract with the company and Mitchell whereby it was agreed that Griffin should assign and relinquish to the company all his stock therein, and in consideration thereof the company would convey to Griffin all of the 185 acres of land except the north 45 acres, and that the mortgage for $3,000 should be paid, one-half by Griffin, and the remaining incumbrances should be paid by Griffin, Mitchell, and the company; that, pursuant to the terms of this contract, Griffin made an assignment of his stock to the company and the company executed a deed to Griffin of the 140 acres of land, and the assignment of the stock and the stock itself and the deed were delivered to E. Frost to be held by him in escrow until the mortgage had been paid off pursuant to the agreement, when the stock was to be delivered to the company and the deed was to be delivered to Griffin.

The amended bill then alleged that Griffin procured a loan of $2,800 wherewith to pay his half of the mortgage and certain other of his debts as set forth in the contract; that Mitchell employed Allen to represent him in paying off the portion of the incumbrance to be paid by Mitchell and the company; that Allen agreed to advance the money for this purpose; that Allen failed to advance this money; that Mitchell did not, and for that reason the $2,800 which Griffin had secured could not be used and was returned to the loan company.

The amended bill further alleged that Allen had purchased the two mortgages for $3,000 and $300 and was attempting to foreclose them; it also contained allegations with regard to other claims against Griffin which Allen had purchased and was seeking to enforce, and with regard to another mortgage on the land of $2,500, which the defendant the Barry County Bank, of which Allen was the cashier, was proceeding to foreclose, and which the amended bill alleged had been paid.

It also alleged that by agreement of the parties, after the death of Frost, Allen and C. M. Landis were substituted as parties to hold the said papers in escrow, and that they were at the time the bill was filed in the possession of Allen and Landis; it alleged an offer by Griffin to Allen to pay his part of the mortgage and asked for an injunction and an accounting as to the amount due from Griffin under the mortgages, which amount when ascertained Griffin offered to pay.

The answers of Mitchell and of the company asserted that Griffin had not carried out the terms of the contract of May 10, 1909.

[1] It seems that this contract was presented in evidence, as was the contract by which Allen and Landis were substituted in the place of Frost. Those are apparently the two most important pieces of evidence in the case, but neither one of them is printed in the record which is returned to this court. Other evidence which the court below had before it when it decided the case is not in the record. Under these circumstances, the decree might well be affirmed without further consideration of the case. We have, however, examined the evidence returned and are satisfied that the bill was properly dismissed. It appears therefrom that Allen never agreed to furnish any money to Mitchell to pay his part of the incumbrances; that Frost acted as the attorney for Griffin when the contract of May 10, 1909, was made; that Allen was never in any sense the lawyer or agent of Griffin; and that the only obligation which he ever assumed to Griffin was contained in the contract of July 19, 1910, by the terms of which he with Landis was to hold the papers in escrow. But the provisions of that contract nowhere appear, and it cannot therefore be said that he did not faithfully fulfill all obligations thereby imposed upon him.

[2] From what can be gathered from the evidence of the terms of the contract of May 10, 1909, it seems that Griffin agreed within 90 days from that date to indemnify Mitchell against loss from certain debts created by Griffin. This Griffin never did. The contract of May 10, 1909, not having been carried out, the company sued Griffin for $700. In that suit Allen was the lawyer for the company and Landis was the lawyer for Griffin. During the trial the case was compromised and resulted in the contract of July 19, 1910, by which Landis and Allen were authorized to take possession of the papers. It might well be inferred, in the absence of evidence with regard to what the terms of that contract were, that it superseded the contract of May 10, 1909.

From the evidence before us it does not appear that Griffin has any rights in the land in controversy, except such as he may have by virtue of his ownership of stock in the company, which stock is apparently in the hands of Allen and Landis, under the contract of July 19, 1910. As the terms of this contract nowhere appear, no relief can be granted to him in this action with regard thereto, even if it were otherwise possible. The bill was not framed for the purpose of securing a return of this stock, under the theory that the contract of May 10, 1909, had been abandoned, but it was brought to enforce that contract.

The decree of the court below is affirmed, without prejudice, however, to any right which Griffin may have in the stock deposited in escrow.